# EXHIBIT "A"

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT
### (CIS)



Use for initial Law Division
Civil Part pleadings (not motions) under *Rule 4:5-1*
Pleading will be rejected for filing, under *Rule 1:5-6(c)*,
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐CK ☐CG ☐CA | |
| CHECK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| John D. Borbi, Esquire | (856) 424-8400 | Cumberland |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| BORBI, CLANCY & PATRIZI, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 999 Route 73 North, Suite 103 | Complaint and Demand for Jury |
| Marlton, New Jersey 08053 | JURY DEMAND   ☒ Yes   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Rose Cozzens, Plaintiff | Cozzens v. Walmart, et als |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|---|
| 606 | ☐ YES   ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes   ☒ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes   ☒ No | ☐ NONE   ☒ UNKNOWN |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ Yes   ☒ No | ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) ☐ FAMILIAL   ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ Yes   ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ Yes   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 610 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNICARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics,

Please check off each applicable category    [ ] Putative Class Action    [ ] Title 59

LAW OFFICES
**BORBI, CLANCY & PATRIZI, LLC**
John D. Borbi, Esquire, ID # 021521990
999 Route 73 North, Suite 103
Marlton, New Jersey 08053
(856) 424-5400
Attorneys for Plaintiff

SUPERIOR COURT OF N.J.
CUMBERLAND COUNTY
LAW DIVISION

OCT 06 2014

REC'D & FILED
CIVIL CASE
MANAGEMENT OFFICE

| | |
|---|---|
| ROSE COZZENS<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART; JOHN DOE(S) I-X<br>(Fictitious names as persons/entities who<br>maintained, controlled or managed the<br>premises known as Walmart),<br>individually, jointly, severally, or in the<br>alternative<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CUMBERLAND COUNTY<br>DOCKET NO. Cum L 801-14<br><br>CIVIL ACTION<br><br>COMPLAINT AND DEMAND FOR JURY |

Plaintiff, Rose Cozzens, currently residing at 40 Old Stage Coach Road, City of Bridgeton, County of Cumberland, and State of New Jersey, by way of Complaint says that:

## FIRST COUNT

1)    On or about February 25, 2014, Plaintiff, Rose Cozzens, was an invitee or otherwise permitted on the property of Defendant, Walmart, located at 1070 W. Landis Avenue, City of Vineland, County of Cumberland and State of New Jersey.

2)    At the aforesaid time and place, the property in question was owned, controlled and/or managed by Walmart.

3)    At said time and place, Defendant, Walmart was negligent in failing to maintain it's premises in a reasonable safe condition and failed to properly inspect and/or warn of the dangers created or allowed to exist, causing injuries to Plaintiff, Rose Cozzens.

4)    As a direct and proximate result of the carelessness, negligence and

recklessness of Defendant(s) aforesaid, Plaintiff Rose Cozzens, sustained severe personal injuries, both temporary and permanent in nature; has and will be compelled to expend large sums of money for medical attention in an effort to cure said injuries; has and will be prevented from attending her normal personal and business affairs, and has otherwise been damaged.

WHEREFORE, Plaintiff Rose Cozzens, demands judgment against Defendant, Walmart, for such sums as would reasonably and properly compensate her in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

## SECOND COUNT

1) Plaintiff repeats each and every allegation contained in the previous Count but for the sake of brevity, they are not set forth at length.

2) At the aforesaid time and place, the property in question was maintained, controlled and/or managed by John Doe(s) I-X (Fictitious names as persons/entities who maintained, controlled or managed Walmart), hereinafter referred to as "John Doe(s)".

3) At said time and place, Defendant John Doe(s), was negligent in failing to maintain it's premises in a reasonable safe condition and failed to properly inspect and/or warn of the dangers created or allowed to exist, causing injuries to Plaintiff, Rose Cozzens.

4) As a direct and proximate result of the carelessness, negligence and recklessness of Defendant(s) aforesaid, Plaintiff, Rose Cozzens, sustained severe personal injuries, both temporary and permanent in nature; has and will be compelled to expend large sums of money for medical attention in an effort to cure said injuries; has and will be prevented from attending her normal personal and business affairs, and has otherwise been damaged.

WHEREFORE, Plaintiff Rose Cozzens, demands judgment against Defendants, John Doe(s) (Fictitious names as persons/entities who maintained, controlled or managed

Walmart), for such sums as would reasonably and properly compensate her in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

## THIRD COUNT

1)    Plaintiff repeats each and every allegation contained in the previous Counts but for the sake of brevity, are not set forth at length.

WHEREFORE, Plaintiff, Rose Cozzens, demands judgment against the Defendants, Walmart and John Doe(s) I-X (Fictitious names as persons/entities who maintained, controlled or managed the premises known as Walmart), individually, jointly, severally, or in the alternative), for such sums as would reasonably and properly compensate her in accordance with the Laws of the State of New Jersey, together with interest and costs of suit.

BORBI, CLANCY & PATRIZI

BY: JOHN D. BORBI

Dated: October 3, 2014

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

BORBI, CLANCY & PATRIZI

BY: JOHN D. BORBI

Dated: October 3, 2014

## DESIGNATION OF TRIAL COUNSEL

Please be notified that pursuant to R.4:25-4, John D. Borbi, Esquire is hereby designated as trial counsel in the above matter.

BORBI, CLANCY & PATRIZI

BY: JOHN D. BORBI

Dated: October 3, 2014

## CERTIFICATION

John D. Borbi, certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time.

I certify the foregoing to be true. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

JOHN D. BORBI

Dated: October 3, 2014

.

**EXHIBIT "B"**

Law Offices Of

# MᴄDᴏɴɴᴇʟʟ & Aꜱꜱᴏᴄɪᴀᴛᴇꜱ, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: 856-429-5300
Facsimile: 856-429-5314

Patrick J. McDonnell* ♦
Courtney Seda McDonnell*
Karen L. Green*
Lindsey S. Forshay*
Jennifer A. LaTour**
Karin Y. Coger *** ††
Nancy E. Zangrilli* †
Carmen M. Finegan*
Jackie M. Lowthert*
Marc R. Kamin**
Christopher K. D'Amore*
Kailee H. Farrell*

*Of Counsel:*
Analisa Sondergaard*
Kathryn V. Chandless* ††

*Medical Consultant:*
Hector J. Seda, M.D.

\* Admitted in Pennsylvania and New Jersey
\*\* Admitted only in Pennsylvania
\*\*\* Admitted in New Jersey
† Admitted in Massachusetts
†† Admitted in New York
♦ Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

*Pennsylvania Office:*
Metropolitan Business Center
860 1ˢᵗ Avenue, Suite 5B
King of Prussia, Pennsylvania 19406
Telephone: 610-337-2087
Facsimile: 610-337-2575

Reply To: *New Jersey*
E-Mail Address: cdamore@mcda-law.com

October 24, 2014

John D. Borbi, Esq.
Borbi, Clancy, & Patrizi, LLC
999 Route 73 North, Suite 103
Marlton, NJ 08053

   Re: **Rose Cozzens v. Walmart; et al.**
      Docket No.: L-801-14

Dear Mr. Borbi:

   This office has been retained to represent Walmart, more properly pled as Wal-Mart Stores East, LP ("Wal-Mart"), in the above referenced litigation. Please accept this correspondence as a demand for a statement of damages pursuant to R. 4:5-2. The statement must be provided within 5 days.

   I have also prepared three stipulations. The first stipulation would amend the complaint to name the correct defendant, Wal-Mart Stores East, LP. The second stipulation amends the complaint to remove the allegation of "recklessness."

   The third stipulation would limit Plaintiff's damages to $75,000. Wal-Mart is a Delaware limited partnership with a principal place of business in Arkansas. Plaintiff is a New Jersey resident. Therefore, the parties are diverse for the purposes of federal diversity jurisdiction. In the event that Plaintiff's statement of damages exceeds $75,000, Wal-Mart will file a Notice of Removal to remove this matter to the District Court. However, if Plaintiff's damages are less than $75,000, then executing the stipulation will eliminate the possibility of removal.

Page -2-

John Borbi, Esq.
L-801-14
October 24, 2014

At your earliest convenience, please contact me to discuss this matter and the proposed stipulations. Thank you.

Very truly yours,
**McDONNELL & ASSOCIATES, P.C.**

/s/ Christopher D'Amore

Christopher D'Amore, Esquire

Encs.
CKD/mlb

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
By: Christopher D'Amore, Esquire
NJ Attorney ID: 011072009
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314

*Attorneys for Defendant Walmart more properly pled as Wal-Mart Stores East, LP*

| | |
|---|---|
| ROSE COZZENS,<br><br>        Plaintiff,<br><br>        v.<br><br>WALMART; JOHN DOE(S) I-X<br>(Fictitious names as persons/entities who<br>maintained, controlled or managed the<br>premises known as Walmart), individually,<br>jointly, severally, or in the alternative.<br><br>        Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>LAW DIVISION<br><br>Civil Action<br><br>Docket No.: L-801-14<br><br>**STIPULATION TO LIMIT PLAINTIFF'S<br>DAMAGES** |

THE PARTIES hereby understand and agree to the following:

1.     Defendant Walmart, more properly pled solely as Wal-Mart Stores East, LP (hereinafter referred to as "Wal-Mart"), has the right, pursuant to 28 U.S.C. 1441, to remove this matter to federal court.

2.     Wal-Mart is willing to forego that right in exchange for the agreement of all parties to limit the damages which the Plaintiff is entitled to recover, if any; and

3.     In reliance upon the express agreement of the parties to limit damages as set forth herein, Wal-Mart will agree not to exercise its right to remove this matter to federal court.

THEREFORE, on this _____ day of October 2014, the parties hereby STIPULATE AND AGREE that the full amount and/or value of any and all damages, costs, expenses and fees (including pre-judgment interest) to which Plaintiff may be entitled in this matter shall not exceed Seventy-Five Thousand Dollars ($75,000.00).

Date:_____

_____
John D. Borbi, Esq., *Attorneys for Plaintiff*

Date:_____

_____
Christopher D'Amore, Esq., *Attorney for Wal-Mart*

EXHIBIT "C"

Law Offices Of

# MCDONNELL & ASSOCIATES, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: 856-429-5300
Facsimile: 856-429-5314

Patrick J. McDonnell* ♦
Courtney Seda McDonnell*
Karen L. Green*
Lindsey S. Forshay*
Jennifer A. LaTour**
Karin Y. Coger *** ††
Nancy E. Zangrilli* †
Jackie M. Lowthert*
Marc R. Kamin**
Christopher K. D'Amore*
Kailee H. Farrell*

*Of Counsel:*
Analisa Sondergaard*
Kathryn V. Chandless* ††

*Medical Consultant:*
Hector J. Seda, M.D.

\*    Admitted in Pennsylvania and New
        Jersey
\*\*   Admitted only in Pennsylvania

\*\*\*  Admitted in New Jersey

†   Admitted in Massachusetts
††  Admitted in New York
♦   Certified by the Supreme Court
      of New Jersey as a Civil Trial Attorney

*Pennsylvania Office:*
Metropolitan Business Center
860 1ˢᵗ Avenue, Suite 5B
King of Prussia, Pennsylvania 19406
Telephone: 610-337-2087
Facsimile: 610-337-2575

Reply To:  *New Jersey*
E-Mail Address:   cdamore@mcda-law.com

November 4, 2014

John D. Borbi, Esq.
Borbi, Clancy, & Patrizi, LLC
999 Route 73 North, Suite 103
Marlton, NJ 08053

Re:    **Rose Cozzens v. Walmart; et al.**
           Docket No.: L-801-14

Dear Mr. Borbi:

I have not received a response to my October 24, 2014 correspondence or a statement of Plaintiff's damages as required by R. 4:5-2. Please provide a statement of Plaintiff's damages.

I have also not received a return telephone call regarding the three stipulations forwarded on October 24. I forwarded two stipulations: The first amends the complaint to name the correct defendant, Wal-Mart Stores East, LP and the second amends the complaint to remove the allegation of "recklessness."

The third stipulation limits Plaintiff's damages to $75,000. As I explained in my October 24 correspondence, Wal-Mart is a Delaware limited partnership with a principal place of business in Arkansas. Plaintiff is a New Jersey resident. Therefore, the parties are diverse for the purposes of federal diversity jurisdiction. In the event that Plaintiff's statement of damages exceeds $75,000, Wal-Mart will file a Notice of Removal to remove this matter to the District Court. However, if Plaintiff's damages are less than $75,000, then executing the stipulation will eliminate the possibility of removal.

Page -2-

John Borbi, Esq.
L-801-14
November 4, 2014

At your earliest convenience, please contact me to discuss this matter and the proposed stipulations. I have enclosed another copy for your review. Thank you.

Very truly yours,
**McDONNELL & ASSOCIATES, P.C.**

/s/ Christopher D'Amore

Christopher D'Amore, Esquire

Encs.
CKD/mlb

**EXHIBIT "D"**

## Appendix XII-B1

| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |



| ATTORNEY / PRO SE NAME<br>Christopher D'Amore, Esq. | TELEPHONE NUMBER<br>(856) 429-5300 | COUNTY OF VENUE<br>Cumberland |
|---|---|---|
| FIRM NAME (if applicable)<br>McDonnell & Associates, PC | | DOCKET NUMBER (when available)<br>L-801-14 |
| OFFICE ADDRESS<br>500 Route 70 West<br>Cherry Hill, NJ 08002 | | DOCUMENT TYPE<br>Answer |
| | | JURY DEMAND    ☒ Yes    ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Walmart, Defendant | CAPTION<br>Rose Cozzens v. Walmart; John Doe(s) I-X (fictitious names as persons/entities who maintained, controlled or managed the premises known as Walmart), individually, jointly, severally, or in the alternative |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>605 | HURRICANE SANDY RELATED?<br>☐ YES    ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?    ☐ YES    ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes    ☒ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ Yes    ☒ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)    ☐ NONE    ☒ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes    ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE    ☐ FRIEND/NEIGHBOR    ☐ OTHER (explain)<br>☐ FAMILIAL    ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    ☐ Yes    ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes    ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes    ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



| Side 2 | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial pleadings (not motions) under *Rule* 4:5-1 |

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | |
|---|---|---|
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 LEVAQUIN | 601 | ASBESTOS |
| 287 YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
In the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
By: Christopher D'Amore, Esquire
NJ Attorney ID: 011072009
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314

*Attorneys for Defendant Walmart more properly pled as Wal-Mart Stores East, LP*

| | |
|---|---|
| ROSE COZZENS, <br><br> Plaintiff, <br><br> v. <br><br> WALMART; JOHN DOE(S) I-X (Fictitious names as persons/entities who maintained, controlled or managed the premises known as Walmart), individually, jointly, severally, or in the alternative. <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY CUMBERLAND COUNTY LAW DIVISION <br><br> Civil Action <br><br> Docket No.: L-801-14 <br><br> **ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES, ANSWER TO CROSS-CLAIMS, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION, AND JURY DEMAND** |

Defendant Walmart (more properly pled as Wal-Mart Stores East, LP), by and through its undersigned attorneys, hereby answers Plaintiff's complaint and states as follows:

## FIRST COUNT

1.     Denied.  It is denied that Walmart is a proper legal entity or that it operates premises located at 1070 W. Landis Avenue, Vineland, New Jersey.  By way of further response, Wal-Mart Stores East, LP currently operates a retail establishment located at 1070 W. Landis Avenue, Vineland, New Jersey.  Wal-Mart Stores East, LP, a Delaware limited partnership with a principal place of business in Arkansas, is a wholly owned subsidiary of Wal-Mart Stores, Inc. The remaining allegations in this paragraph are denied.

2.     Admitted in part and denied in part.  Insofar as the correct operating entity is identified as Wal-Mart Stores East, LP (hereinafter referred to as "Wal-Mart"), it is admitted

only that on February 25, 2014, Wal-Mart operated a retail establishment at 1070 W. Landis Avenue, Vineland, New Jersey. The remaining allegations are denied.

    3.      Denied. The allegations are denied as a legal conclusion. To the extent a response is required, the allegations are denied.

    4.      Denied. The allegations are denied as a legal conclusion. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Walmart (more properly pled as Wal-Mart Stores East, LP) demands judgment in its favor and against the Plaintiff on all counts, together with costs, attorney's fees, and other such relief as this Court deems just and proper.

## SECOND COUNT

    1.      Wal-Mart repeats the foregoing responses as though set forth fully herein.

    2.      Admitted in part and denied in part. Insofar as the paragraph makes allegations against Wal-Mart, it is admitted only that on February 25, 2014, Wal-Mart operated a retail establishment at 1070 W. Landis Avenue, Vineland, New Jersey. The remaining allegations are denied.

    3.      Admitted in part and denied in part. Insofar as the paragraph makes allegations against Wal-Mart, it is admitted only that on February 25, 2014, Wal-Mart operated a retail establishment at 1070 W. Landis Avenue, Vineland, New Jersey. The remaining allegations are denied as a legal conclusion. To the extent a response is required, the allegations are denied.

    4.      Denied. The allegations are denied as a legal conclusion. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Walmart (more properly pled as Wal-Mart Stores East, LP) demands judgment in its favor and against the Plaintiff on all counts, together with costs, attorney's fees, and other such relief as this Court deems just and proper.

**THIRD COUNT**

1.      Wal-Mart repeats the foregoing responses as though set forth fully herein.

**WHEREFORE**, Defendant Walmart (more properly pled as Wal-Mart Stores East, LP) demands judgment in its favor and against the Plaintiff on all counts, together with costs, attorney's fees, and other such relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff was injured as a result of a known risk, which she assumed.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by reason of Plaintiff's own contributory negligence or, alternatively, the Plaintiff's damages, if any, are reduced by the percentage of comparative negligence.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred insofar as Plaintiff failed to mitigate her damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries or losses are due solely, or in part, to a third-party over which Wal-Mart had no control.

3

## FIFTH AFFIRMATIVE DEFENSE

Wal-Mart is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to N.J.S.A. 2A:15-97.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause(s) of action may be barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond Wal-Mart's control.

## NINTH AFFIRMATIVE DEFENSE

Wal-Mart's conduct was privileged, either absolutely or conditionally.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take due care for her own safety.

## ELEVENTH AFFIRMATIVE DEFENSE

Wal-Mart is entitled to a credit or offset for any medical bills paid by insurance under Perreira v. Rediger, et al. 169 N.J. 399 (2001).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Wal-Mart, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel and/or laches in that Plaintiff failed to give timely notice of the alleged incident.

## FOURTEENTH AFFIRMATIVE DEFENSE

Wal-Mart reserves the right to assert all defenses disclosed or developed in the course of discovery, Arbitration and/or trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's actions caused the incident at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of the complaint, Wal-Mart states that insofar as such fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

While denying the allegations in the complaint regarding damages allegedly sustained by Plaintiff, Wal-Mart states that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom Wal-Mart had no control, nor right of control, and for whose actions Wal-Mart is not and cannot be liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient, and contributing cause of Plaintiff's damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Wal-Mart breached no duty to the Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claim against Wal-Mart should be dismissed because Plaintiff's and/or a third-party's spoliation of evidence has prejudiced Wal-Mart's ability to defend itself in this matter.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Wal-Mart reserves the right to assert all crossclaims against any person or party identified in the course of discovery, Arbitration and/or trial.

**WHEREFORE**, Defendant Walmart (more properly pled as Wal-Mart Stores East, LP) demands judgment in its favor and against the Plaintiff on all counts, together with costs, attorney's fees, and other such relief as this Court deems just and proper.

## JURY DEMAND

Wal-Mart hereby demands a jury trial on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Patrick J. McDonnell, Esquire, is hereby designated Trial Counsel.

## ANSWER TO ANY AND ALL CROSSCLAIMS

Wal-Mart denies each and every Crossclaim filed against it or to be filed against it in this action.

McDonnell & Associates, P.C.

DATED: November 5, 2014           By:

Christopher D'Amore, Esquire
500 Route 70 West
Cherry Hill, NJ 08002
(856) 429-5300
(856) 429-5314 – FAX
Attorneys for Wal-Mart, more properly pled as Wal-Mart Stores East, LP

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, there are no other actions currently pending or in contemplation. The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration

6

proceeding, nor is there any such action or arbitration proceeding contemplated. There are no other parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McDonnell & Associates, P.C.

Christopher D'Amore, Esquire

Date: November 5, 2014

7

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
By: Christopher D'Amore, Esquire
NJ Attorney ID: 011072009
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314

*Attorneys for Defendant Walmart more properly
pled as Wal-Mart Stores East, LP*

| | |
|---|---|
| ROSE COZZENS,<br><br>Plaintiff,<br><br>v.<br><br>WALMART; JOHN DOE(S) I-X (Fictitious names as persons/entities who maintained, controlled or managed the premises known as Walmart), individually, jointly, severally, or in the alternative.<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>LAW DIVISION<br><br>Civil Action<br><br>Docket No.: L-801-14 |

## CERTIFICATE OF SERVICE

I, Christopher D'Amore, Esq., hereby certify that on November 5, 2014, Defendant Wal-Mart's (more properly pled as Wal-Mart Stores East, LP and hereinafter referred to as "Wal-Mart"), answer to Plaintiff's complaint with affirmative defenses, designation of trial counsel, certification, jury demand, and answer to crossclaims was filed with the Court. I also certify that a true and correct copy was served on the following via regular mail:

John D. Borbi, Esq.
Borbi, Clancy, & Patrizzi
999 Route 73 North, Suite 103
Marlton, NJ 08053

I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Christopher D'Amore, Esq.